**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ALEX MARCUM**                                                    **PLAINTIFF**

**VS.**                                              **CAUSE NO.:** 3:24-cv-97-MPM-JMV

**LINCOLN STEVEN LEWIS**                                        **DEFENDANT**

---

**COMPLAINT**

---

Comes now, Plaintiff Alex Marcum, and files this complaint for damages against Defendant Lincoln Steven Lewis, and states to the Court as follows:

### I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter as at least one count arises under federal law, namely, 42 U.S.C. §§ 1983 and 1988. Jurisdiction over such a cause of action is proper under 28 U.S.C. §§ 1331 and 1343(a).

2.      Venue is proper in the Northern District of Mississippi, Oxford Division, pursuant to 28 U.S.C. § 1391, as the events described herein took place within Marshall County, Mississippi, which lies within this judicial district and division.

### II. PARTIES

3.      Plaintiff Alex Marcum is a resident of Marshall County, Mississippi.

4.      Defendant Lincoln Steven Lewis is, upon information and belief, a resident of Marshall County, Mississippi. At all times relevant hereto, Defendant Lincoln Steven Lewis was an employee of Marshall County, Mississippi (Marshall County), acting under color of state law, as an officer within the Marshall County Jail.

### III.  FACTUAL ALLEGATIONS

5.      On May 13, 2023, Plaintiff Alex Marcum (Plaintiff) was incarcerated within the Marshall County Jail.

6.      On that date, Defendant Lincoln Steven Lewis (Defendant) was employed by Marshall County as an officer within the Marshall County Jail.

7.      Plaintiff is diabetic, and while incarcerated, Plaintiff required special meals due to his diabetes.

8.      On the morning of May 13, 2023, Plaintiff approached Defendant, who was acting within the course and scope of his employment as an officer within the Marshall County Jail, and Plaintiff asked Defendant where his medically issued meal was.

9.      Defendant cursed at Plaintiff and told him that all the meals were the same.

10.      Plaintiff responded, informing Defendant that his meal was not the same due to his medical condition.

11.      Defendant again cursed and verbally threatened Plaintiff and told him to stop asking about his meal.

12.      A trustee approached and told Plaintiff that a mistake had been made and that his meal would have to be retrieved.

13.      Plaintiff was told to take a regular tray and that another tray would be provided to him to suit his medical needs, and Plaintiff did as he was told.

14.      Defendant retrieved a container of OC spray ("pepper spray") and approached Plaintiff.

15.      Plaintiff, who only has one functioning eye, begged Defendant not to spray him.

16.     While Plaintiff was holding his food tray, Defendant again cursed at Plaintiff and proceeded to spray Plaintiff in the face with the pepper spray.

17.     Plaintiff dropped his food tray, ran to his cell, and grabbed a bar of soap so that he could wash the pepper spray off his face.

18.     Because the sink in Plaintiff's cell did not work, Plaintiff had to go to another cell to wash his face.

19.     When Plaintiff came out of his cell, Defendant sprayed Plaintiff again with pepper spray.

20.     Plaintiff went to a different cell and attempted to wash his face and head.

21.     Defendant entered the cell where Plaintiff was washing his face and grabbed Plaintiff by the face and punched Plaintiff in the head with a closed fist several times.

22.     Plaintiff ran from the cell where he was being assaulted and another officer attempted to question Plaintiff about what was happening.

23.     Defendant continued to verbally assault Plaintiff during this questioning, not allowing Plaintiff to speak.

24.     The questioning officer attempted to escort Plaintiff into another cell.

25.     Defendant continued to verbally and physically assault Plaintiff.

26.     Plaintiff ran to the back of the cell to get away from Defendant, and Defendant followed and continued to physically assault Plaintiff by punching him in the head with a closed fist, causing Plaintiff's head and face to strike the cell wall.

27.     Finally, two other officers gave verbal commands for Defendant so stop assaulting Plaintiff, and Defendant stopped his assault on Plaintiff.

28.     An affidavit for simple assault was filed against Defendant in Marshall County.

29. The affidavit alleged that Defendant attempted to cause serious bodily injury to Plaintiff by spraying Plaintiff with mace directly in his face and punching him in the head and face with a closed fist all while acting within his capacity as an officer with the Marshall County Sheriff's Department.

30. Upon information and belief, Defendant was convicted of simple assault as alleged in the affidavit.

## IV. CAUSES OF ACTION

31. The actions of Defendant Lewis were objectively unreasonable in light of clearly established law.

32. The actions of Defendant Lewis were obviously objectively unreasonable, such that no reasonable officer could possibly believe that those actions were not violative of Plaintiff's constitutional rights.

33. The force used against Plaintiff by Defendant Lewis was unnecessary, unreasonable, excessive, sadistic, cruel and unusual, violating Plaintiff's right to be free from the use of such force under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution.

34. Under 42 U.S.C. § 1983, Plaintiff is entitled to recover damages resulting from the violation of Plaintiff's clearly established constitutional rights as detailed above.

35. Under 42 U.S.C. § 1988, Plaintiff is entitled to recover reasonable attorney fees, costs, and expenses accumulated during the prosecution of this action.

36. Plaintiff is further entitled to recover punitive damages against Defendant Lewis.

## V.  DAMAGES

37.      As a direct and proximate result of the actions and omissions of Defendant Lewis, as described herein above, Plaintiff suffered, continues to suffer, and will continue to suffer, medical expenses, physical injuries to his body, pain, suffering, loss of enjoyment of life, emotional distress, fear, embarrassment, humiliation, scarring, disfigurement and temporary and permanent disability.

## VI.  REQUEST FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests process to issue, a trial by jury on all counts, judgement against Defendant for compensatory and punitive damages, attorney fees, costs, interest on the judgment, and any other relief to which Plaintiff is entitled under the circumstances.

Respectfully submitted,
BY:   s/ Brandon Flechas
BRANDON FLECHAS (MSB#102283)
PHILIP A. STROUD (MSB# 99401)
THE STROUD LAW FIRM, P.C.
5779 Getwell Road, Suite C-1
Southaven, MS 38672
Tel. (662)536-5656
Fax (662)536-5657
brandon@stroudlawyers.com
philip@stroudlawyers.com
Attorneys for Plaintiff